IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAYLA BENOIT and<br>NICOLE CASTLEBERRY,<br><br>  Plaintiffs,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>  Defendant. | Case No. 3:21-CV-811-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Temporary Restraining Order filed by Plaintiffs Kayla Benoit and Nicole Castleberry. (Doc. 6). Plaintiffs also filed individual motions to proceed *in forma pauperis*, which were provisionally granted by the District Court for the Eastern District of Missouri prior to transferring the case to this District (*see* Docs. 2, 3, 7), and individual motions for appointment of counsel (Docs. 5, 6).

Plaintiffs bring this case under the Due Process Clause of the Fifth and Fourteenth Amendments. (Doc. 1). They allege the U.S. Army Corps of Engineers ("the Corps") terminated a lease for land on which they own real property, a cabin, in Jersey County, Illinois. (*Id.*). The Corps terminated the lease after Plaintiffs failed to make a six-month rent payment of $275, which was due January 1, 2021. (*Id.*). Plaintiffs claim they never received the invoice for rent nor the Corps' lease termination notices because their mailing address changed, despite having a valid forwarding address with the United States Postal Service. (Doc. 1-3). Plaintiffs assert they have offered to pay overdue rent,

penalties, and future rent, but the Corps has refused to reinstate the lease. (*Id.*). According to their Motion for Temporary Restraining Order, the Corps will demolish the cabin on or after Monday, July 19, 2021. (Doc. 6). Accordingly, they seek a TRO to prevent the Corps from demolishing the cabin and to give them time to secure an attorney.

"The standard for the issuance of a TRO is the same as that required to issue a preliminary injunction." *Right Field Rooftops, LLC v. Chicago Baseball Holdings, LLC*, 80 F. Supp. 3d 829, 833 (N.D. Ill. 2015) (citing *Merritte v. Kessel,* 561 F. App'x 546, 548 (7th Cir. 2014)). That is, the movant must demonstrate (1) a likelihood of success on the merits, (2) that he or she will suffer irreparable harm absent injunctive relief, and (3) that he or she has no adequate remedy at law. *Smith v. Executive Dir. of Ind. War Mem'ls Comm'n*, 742 F.3d 282, 286 (7th Cir. 2014); *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). If those requirements are met, then the Court must balance the harm that party will suffer without a TRO against the harm the other party would suffer should the Court grant the TRO. *See Incredible Techs.*, 400 F.3d at 1011. The Court must also consider the public interest in granting or denying an injunction. *See Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

As to the first element, Plaintiffs need only demonstrate that they have a "better than negligible" chance of succeeding on the merits. *Ty Inc.*, 237 F.3d at 897; *see also Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 782 (7th Cir. 2011). Considering this low threshold, the Court finds Plaintiffs have demonstrated a likelihood of success on the merits for purposes of a temporary restraining order.

Harm is irreparable if it cannot be prevented or fully rectified by the final

judgment after trial. *Girl Scouts of Manitou Council, Inc. v. Girls Scouts of the United States, Inc.*, 549 F.3d 1079, 1089 (7th Cir. 2008). Here, Plaintiffs obviously will suffer irreparable harm—the demolition of their cabin—absent injunctive relief, and there is no adequate remedy at law in this situation. If not restrained, the Corps may destroy Plaintiffs' cabin before Plaintiffs can be heard on the matter.

With regard to the balancing of harms, Plaintiffs clearly would be greatly harmed if a TRO were not granted, as their cabin would be destroyed. On the other hand, if a TRO were issued, the Corps would be minimally harmed by preservation of the status quo. Finally, the Court finds it is in the public interest to hit pause on the demolition of Plaintiffs' cabin and allow Plaintiffs to proceed in this matter, considering the Corps terminated their lease for failing to timely pay a mere $275.

For these reasons, the Motion for Temporary Restraining Order filed by Plaintiffs Kayla Benoit and Nicole Castleberry (Doc. 6) is **GRANTED** pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Defendant U.S. Army Corps of Engineers is hereby **ENJOINED AND PROHIBITED** from destroying, demolishing, or taking any other action as to the real property located at **Mississippi River Pool 26, Lot No. 004, Otter Creek Subdivision, Jersey County, Illinois, also known as 11548 Eagleton Park, Nutwood, IL 62031.**

Plaintiffs **SHALL** serve this Order on Defendant immediately. Further, The Clerk of Court is **DIRECTED** to send a copy of this Order to counsel for the United States of America and to:

Melissa Lynn Hoerner
Chief, Real Estate Division
U.S. Army Corps of Engineers
1222 Spruce Street
St. Louis, MO 63103
Melissa.l.hoerner@usace.army.mil

This Temporary Restraining Order will **EXPIRE** at **2:30 p.m. on July 30, 2021**. A hearing on this matter is set for **Thursday, July 29, 2021**, at **2:30 p.m.**

Plaintiffs' motions to proceed *in forma pauperis* that were provisionally granted by the Eastern District of Missouri (Docs. 2, 3) are hereby **GRANTED.** Their motions for appointment of counsel (Docs. 4, 5) are **DENIED without prejudice**. Plaintiffs are encouraged to review the Court's *Pro Se Litigant Guide* at http://www.ilsd.uscourts.gov/Forms/ProSeGuide.pdf, which contains valuable information on representing oneself, as well as a form Motion for Recruitment of Counsel.

**IT IS SO ORDERED.**

DATED: July 16, 2021

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**