### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KAYLA BENOIT and**<br>**NICOLE CASTLEBERRY,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 3:21-CV-811-NJR** |
| **U.S. ARMY CORPS OF ENGINEERS,** | |
| **Defendant.** | |

## <u>ORDER</u>

**ROSENSTENGEL, Chief Judge:**

On July 29, 2021, this matter came before the Court for a hearing on a Temporary Restraining Order (TRO) granted by the undersigned on July 16, 2021. (Doc. 10). Plaintiffs Kayla Benoit and Nicole Castleberry appeared *pro se*. Defendant U.S. Army Corps of Engineers ("the Corps") appeared through counsel, Assistant United States Attorney Nathan Stumpf.

In their Complaint, Plaintiffs allege the Corps violated their due process rights under the Fifth and Fourteenth amendments when it terminated a lease for land on which they own property, a cabin, in Jersey County, Illinois. The lease was terminated after Plaintiffs failed to make a six-month rent payment of $275, which was due January 1, 2021. Plaintiffs claim—and the Corps does not dispute—that they never received the invoice for rent or the Corps's lease termination notices.

After finding that Plaintiffs have a "better than negligible" chance of succeeding on the merits of their claim, that they face irreparable harm, that Plaintiffs will suffer great

harm if a TRO is not issued, and that the public interest weighs in favor of granting a TRO, the Court enjoined Defendant U.S. Army Corps of Engineers from destroying, demolishing, or taking any other action as to the real property located at Mississippi River Pool 26, Lot No. 004, Otter Creek Subdivision, Jersey County, Illinois. (Doc. 10). The TRO is set to expire at 2:30 p.m. on July 30, 2021.

On July 27, 2021, the Corps filed a Motion to Dismiss for Lack of Jurisdiction and to Dissolve the Temporary Restraining Order. (Doc. 12). The Corps asserts the TRO should be dissolved because Plaintiffs cannot demonstrate a substantial likelihood of success on the merits of their complaint. Specifically, Plaintiffs failed to timely pay their rent and, therefore, they terminated the lease. Importantly, the Corps also raised complex issues regarding the Court's subject matter jurisdiction in light of the Contract Disputes Act, 41 U.S.C. § 7101, *et seq.* At the hearing on the TRO, the Corps admitted there is a split of authority as to whether the issue in this case would be governed by the Contract Disputes Act and, thus, whether this Court has subject matter jurisdiction.

Due to the intricacies of the law involving the Court's subject matter jurisdiction, the Court finds it prudent at this junction to appoint counsel for Plaintiffs, who have had no success finding an attorney to represent them. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (court has discretion to appoint counsel when indigent plaintiff has made reasonable attempt to obtain counsel and the difficulty of the case warrants representation). In accordance with 28 U.S.C. § 1915(e)(1) and Local Rules 83.1(i) and 83.9(b), attorney Emily J. Johnson of Hunter & Johnson, P.C. is **ASSIGNED** to represent Plaintiffs. Further, to provide sufficient time for Ms. Johnson to enter an appearance and

provide a response to the Corps's motion, and with the consent of the Corps, the Court hereby **EXTENDS** the Temporary Restraining Order for **60 days**. The Temporary Restraining Order will now **EXPIRE** at 2:30 p.m. on **September 28, 2022**.

On or before **August 9, 2021**, assigned counsel shall enter her appearance in this case. Counsel is **ORDERED** to file a response to the Motion to Dismiss for Lack of Jurisdiction and to Dissolve the Temporary Restraining Order (Doc. 12) on or before **September 8, 2021.** The Corps may file a reply brief, not to exceed 10 pages, on or before **September 15, 2021**.

Attorney Johnson is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiffs, explaining that an associate may also be working on the case. Plaintiffs should wait for their attorney to contact them in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and a copy of the docket to attorney Johnson. The electronic case file is available through the CM/ECF system.

Now that counsel has been assigned, Plaintiffs **shall not** personally file anything in this case, except a pleading asking to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiffs, there is no guarantee the Court will appoint other counsel to represent Plaintiffs.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Because Plaintiffs are proceeding *in forma pauperis*, they may proceed without *prepayment* of the filing fee. If Plaintiffs should recover damages in this action (either by verdict or settlement), Plaintiffs and their counsel are **ADVISED** that Plaintiffs will be obligated to pay the filing fee out of their monetary recovery.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

Counsel may contact Plaintiffs at the phone number(s) listed on the docket sheet.

**IT IS SO ORDERED.**

**DATED:   July 30, 2021**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**